18-1154-cr
United States v. Skyers

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of September, two thousand nineteen.

Present:    RALPH K. WINTER,
            ROSEMARY S. POOLER,
            RICHARD J. SULLIVAN,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                  18-1154-cr

ZANE SKYERS,

                    *Defendant-Appellant*.

_____

For Appellant:          Marsha R. Taubenhaus, New York, N.Y.

For Appellee:           David Gopstein, Assistant United States Attorney (Kevin Trowel, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-Appellant Zane Skyers appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Brodie, *J.*) on April 5, 2018, following a three-day jury trial. Skyers was found guilty of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(3), and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Skyers primarily argues that (1) the evidence was legally insufficient to support the inference that he knew that the object of the conspiracy was to import and distribute cocaine, and (2) the district court erred in failing to sua sponte strike certain portions of the expert testimony of Detective Hernandez. We reject each argument in turn.

### 1. Sufficiency of the Evidence

Although this Court reviews sufficiency of the evidence claims de novo, *see United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010), a defendant mounting such a challenge "bears a heavy burden," *United States v. Heras*, 609 F.3d 101, 105 (2d Cir. 2010) (internal quotation marks omitted). This is because, in assessing whether the evidence was sufficient to sustain a conviction, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Sabhnani*, 599 F.3d at 241 (internal quotation marks omitted). Following this review, we "must affirm the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011) (internal quotation marks omitted).

To establish that a defendant conspired to import cocaine and conspired to possess with intent to distribute cocaine, the government must offer evidence that the defendant "agreed to participate in a joint venture intended to commit an unlawful act." *United States v. Parker*, 554 F.3d 230, 234 (2d Cir. 2009) (internal quotation marks omitted). Because "[c]onspiracies are secretive by their very nature," the law is "well-settled that the elements of a conspiracy may be proved by circumstantial evidence." *United States v. Svoboda*, 347 F.3d 471, 477 (2d Cir. 2003). "Circumstantial evidence probative of [a defendant's knowledge of the object of a] conspiracy may include, for example, a defendant's association with conspirators in furtherance of the conspiracy, his presence at critical stages of the conspiracy that cannot be explained by happenstance, or his possession of items that are of essential significance to the conspiracy." *United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014) (citations and internal quotation marks omitted).

First, Skyers calls attention to the lack of direct evidence the government produced at trial. *See Anderson*, 747 F.3d at 60; *see also Svoboda*, 347 F.3d at 477. But circumstantial evidence alone may be sufficient to prove conspiracy. *See Svoboda*, 347 F.3d at 477. Here, Skyers not only associated with Nicky, but he orchestrated Silvera's trip and his introduction to Nicky. Skyers first approached Silvera, and Skyers drove from Boston to John F. Kennedy

Airport to pick up Silvera after he completed his task in St. Lucia. Finally, Skyers arranged for payments to Silvera. Such circumstantial evidence was sufficient for the jury to infer Skyers's knowledge of the object of the conspiracy.

Next, Skyers essentially dissects each piece of evidence the government provided and explains how a different inference could be drawn from it. For example, Skyers argues that he could have been "merely a worker for hire like Silvera," Appellant's Br. at 37, that he (and possibly unspecified others) could have simply intended to pick up Silvera, but not the suitcase, from the airport, and that Nicky offered Silvera $8,000 and Skyers only offered him $4,000 because Nicky, but not Skyers, knew that drugs were involved. But "the task of choosing among competing, permissible inferences is for the fact-finder, not for the reviewing court," *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001), and "we must credit every inference that could have been drawn in the government's favor," *United States v. Masotto*, 73 F.3d 1233, 1241 (2d Cir. 1996) (internal quotation marks omitted). Doing so here, we find that a rational jury could have found the elements of the charged crimes beyond a reasonable doubt.

## 2. Expert Testimony

Skyers next argues that the district court failed to exercise its gatekeeping function when it allowed Detective Hernandez to give expert testimony that he contends was irrelevant, unreliable, and unfairly prejudicial. This argument also fails.

We review a trial court's decision to admit expert testimony for abuse of discretion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). "A decision to admit [expert testimony] is not an abuse of discretion unless it is manifestly erroneous." *United States v. Salameh*, 152 F.3d 88, 129 (2d Cir. 1998) (internal quotation marks omitted). Where a defendant fails to raise a challenge to expert testimony at trial, this Court's review is limited to plain error. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997). Under this standard, the defendant bears the burden of demonstrating "that (1) there was error, (2) the error was plain, [and] (3) the error prejudicially affected his substantial rights." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted). If the defendant meets this burden, we may exercise our discretion to correct the error if it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks omitted).

First, Skyers argues that Hernandez's expert testimony concerning the "flow of drug trafficking money" was irrelevant because it "was simply not at issue." Appellant's Br. at 47. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Federal Rule of Evidence 702, an expert witness may provide opinion testimony if his or her "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Hernandez testified that, following distribution of imported narcotics in the United States, "the monies from the sale of those narcotics will be transported back or sent back to the source of supply." Gov't App'x at 98. As the government correctly summarized, Hernandez generally explained "the way the drug trafficking circle works, the drugs come in and the money comes out." Gov't App'x at

106. Such testimony was relevant to helping the jury understand the general nature of international narcotics trafficking organizations.

Next, Skyers argues for the first time on appeal that Hernandez's expert testimony was unreliable because Hernandez "testified that cocaine is not exported out of the United States" and that assertion is not true. Appellant's Br. at 48. Hernandez was asked, "Now in your experience have you seen the process that you just described in reverse, such that drugs were leaving the country and money was coming in?" Gov't App'x at 115. Hernandez responded, "No. The United States doesn't cultivate or produce drugs of the type that come from overseas, such as cocaine and heroin. Those types of drugs are cultivated outside of the United States. So the United States being the biggest consumer of especially of cocaine and now of heroin, the drugs come in and of course the proceeds for those drugs, for the sale of those drugs, go back out to their sources overseas." Gov't App'x at 115. Given that Hernandez answered a question about his "experience," the district court did not commit plain error in failing to sua sponte strike the testimony as unreliable.

Finally, Skyers argues—also for the first time on appeal—that Hernandez's testimony ran "afoul of Rule 704(b)" because Hernandez testified that 1.5 kilograms of cocaine is related to distribution, rather than personal use. Federal Rule of Evidence 704(b) prohibits an expert witness in a criminal case from "stat[ing] an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). The rule serves to "disable[] even an expert from expressly stating the final conclusion or inference as to a defendant's actual mental state at the time of a crime." *United States v. DiDomenico*, 985 F.2d 1159, 1164 (2d Cir. 1993) (internal quotation marks omitted). "It is only as to the last step in the inferential process — a conclusion as to the defendant's actual mental state — that Rule 704(b) commands the expert to be silent." *Id.* (internal quotation marks omitted). Here, Hernandez was asked, "In your opinion, possession of just under 1500 grams of cocaine, is that personal use or distribution?" Gov't App'x at 120. Hernandez responded, "It is absolutely not related to personal use. It is absolutely related to distribution." Gov't App'x at 120. Hernandez thus testified that 1500 grams of cocaine is related to distribution, rather than personal use. He did not testify that Skyers intended to distribute cocaine. Accordingly, the district court did not commit plain error in failing to sua sponte strike Hernandez's testimony on the issue of distribution.

We have considered the remainder of Skyers's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4